IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-17,385-03






EX PARTE ANDRES ANTONIO LOPEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 34,480 IN THE 27TH DISTRICT COURT


FROM BELL COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and sentenced to eighteen years' imprisonment. 

 Applicant contends that he is being denied credit for time spent in custody on the following 
dates: August 2, 2001 to February 28, 2002; April 9, 2003 to May 19, 2003; October 4, 2007 to
January 18, 2008; and June 20, 2009 to August 20, 2009. Applicant has alleged facts that, if true,
might entitle him to relief. Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1988). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit stating whether Applicant was credited with the above time. The affidavit
shall also state whether Applicant has submitted him claim to the time credit resolution system of
TDCJ, and if so, the date his claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim.
Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted him administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant was credited with the proper amount of time
spent in custody. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 15, 2011

Do not publish